1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PETER J. REED,                          No.  2:17-cv-00799 AC P

12                   Plaintiff,

13          v.                               <u>ORDER</u>

14   E. RACKLIN, et. al.,

15                   Defendants.

16

17          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  In addition to filing a complaint (ECF No. 1), plaintiff has filed an application to

19   proceed in forma pauperis under 28 U.S.C. § 1915.  ECF No. 5.

20   **I.      Application to Proceed In Forma Pauperis**

21          The court has reviewed plaintiff's application and finds that it makes the showing required

22   by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, by separate order, the court directs the agency

23   having custody of plaintiff to collect and forward the appropriate monthly payments for the filing

24   fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

25   **II.     Screening Requirements**

26          The court is required to screen complaints brought by prisoners seeking relief against a

27   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

28   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

                                               1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading

in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### III. Screening Order

#### A. Background

Plaintiff alleges that on April 4, 2016, while incarcerated at California State Prison – Solano (Solano), he was summoned to defendant Racklin's office for a "pre-committee interview." ECF No. 1 at 6. Plaintiff alleges that upon his arrival, Racklin sexually harassed him by asking whether plaintiff could "jack him off in the blink of an eye." Id. Plaintiff informed Racklin that he would be filing a complaint, and Racklin stated that his comment was intended as a joke. Id.

After the meeting with Racklin, plaintiff approached defendant Easterling and told him about the incident. Id. Easterling brusquely told him to file a grievance form. Id. Eventually, plaintiff filed a complaint and an investigation into the incident was conducted. Plaintiff claims that defendant White acted improperly when he closed a Prison Rape Elimination Act (PREA) investigation into the incident without interviewing plaintiff or a mental health professional to whom plaintiff had spoken about the incident. Id. at 7.

On April 13, 2016, plaintiff was directed to attend a committee meeting. Id. He asked several staff members whether Racklin would be present at the meeting, and each told him that he would not be. Id. at 7-8. Plaintiff attended the meeting and spotted Racklin, which caused him to suffer an anxiety attack and nervous breakdown. Id. at 8. Plaintiff was subsequently excused from the meeting by defendant Popvich. Id. Plaintiff alleges that defendants Easterling, Arnold, White, and Popvich violated his rights under the PREA by forcing him to confront Racklin on that date. Id. at 10.

Plaintiff alleges that, since the incident with Racklin, he suffers from nightmares, troubling thoughts, and feelings of anger and helplessness. Id. at 9. He also claims that he now has difficulty adjusting to new environments and people. Id. Finally, he states that he has developed a deep homophobia and has homicidal feelings toward homosexual individuals. Id.

////

3

1     **B.    Analysis**

2     After review of the complaint, the court finds that plaintiff has stated a potentially

3 cognizable Eighth Amendment Claim against defendant Racklin.  Generally, allegations of verbal

4 harassment do not state a viable claim under section 1983.  See <u>Oltarzewski v. Ruggiero</u>, 830

5 F.2d 136, 139 (9th Cir. 1987).  This is true even where the verbal harassment is of a sexual

6 nature.  <u>Austin v. Terhune</u>, 367 F.3d 1167, 1171 (9th Cir. 2004) (holding that "the Eighth

7 Amendment's protections do not necessarily extend to mere verbal sexual harassment.").  A claim

8 based on verbal harassment can succeed, however, if the offending comments were "gross even

9 for a prison setting and were calculated to and did cause [plaintiff] psychological damage."

10 <u>Keenan v. Hall</u>, 83 F.3d 1083, 1092 (9th Cir. 1996).  Here plaintiff alleges that Racklin's

11 comments caused him psychological damage.  The court does not decide whether the comments

12 were gross in the context of a prison setting or calculated to cause plaintiff psychological damage.

13 It finds only that plaintiff could potentially be entitled to relief on this claim and that the claim

14 should proceed past screening.

15     Plaintiff's other claims based on violations of the PREA will be dismissed with leave to

16 amend.  The PREA does not give rise to a private cause of action.  See <u>Miller v. Brown</u>, No. 1:12-

17 CV-01589-LJO, 2014 U.S. Dist. LEXIS 15116, 2014 WL 496919, at \*8 (E.D. Cal. Feb. 6, 2014),

18 report and recommendation adopted, No. 1:12-CV-01589-LJO, 2014 U.S. Dist. LEXIS 26171,

19 2014 WL 806957 (E.D. Cal. Feb. 28, 2014); <u>Porter v. Jennings</u>, NO. 1:10-cv-01811-AWI-DLB

20 PC, 2012 U.S. Dist. LEXIS 58021, 2012 WL 1434986, \*1 (E.D. Cal. Apr. 25, 2012).

21 **IV.    Leave to Amend**

22     Plaintiff may either continue only with his Eighth Amendment claim against defendant

23 Racklin or he may choose to file an amended complaint which attempts to remedy the

24 deficiencies with his other claims.  If plaintiff chooses to file an amended complaint it should

25 observe the following:

26     Any amended complaint must identify as a defendant only persons who personally

27 participated in a substantial way in depriving him of a federal constitutional right.  <u>Johnson v.</u>

28 <u>Duffy</u>, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a

constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Forsyth v. Humana, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Lengthy, unbroken paragraphs can be difficult to read when handwritten and plaintiff would do well to avoid them wherever possible.

**IV.     Plain Language Summary of the Order for a Pro Se Litigant**

You have been granted in forma pauperis status and will not have to pay the entire filing fee immediately.

The court has found that your complaint states an Eighth Amendment claim against defendant Racklin. Your claims against the other defendants are being dismissed because there is no private cause of action under the PREA.

You can either go forward with just your claim against Racklin or you can submit an amended complaint which fixes the problems with your other claims.

////

////

VI.     **Conclusion**

        Accordingly, IT IS HEREBY ORDERED that:

    1.  Plaintiff's application to proceed in forma pauperis (ECF No. 5) is granted.

    2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected
        in accordance with the notice to the California Department of Corrections and
        Rehabilitation filed concurrently herewith.

    3.  The allegations in the pleading are sufficient to state a potentially cognizable
        Eighth Amendment claim against defendant Racklin.  All other claims are
        dismissed with leave to amend within 30 days of service of this order.  Plaintiff is
        not obligated to amend his complaint.

    4.  With this order the Clerk of the Court shall provide to plaintiff a blank summons, a
        copy of the April 17, 2017 complaint, and one USM-285 form and instructions for
        service of process on defendant Racklin.  Within 30 days of service of this order
        plaintiff may return the attached Notice of Submission of Documents with the
        completed summons, the completed USM-285 form, and two copies of the
        endorsed complaint.  The court will transmit them to the United States Marshal for
        service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure.
        Defendant Racklin will be required to respond to plaintiff's allegations within the
        deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure.

    5.  Failure to comply with this order may result in dismissal of this action.

DATED: June 9, 2017

                                        _Allison Claire_

                                        ALLISON CLAIRE
                                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER J. REED,

        Plaintiff,

    v.

E. RACKLIN, et. al.,

        Defendants.

No.  2:17-cv-00799 AC P

NOTICE OF SUBMISSION OF DOCUMENTS

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____    proceed only with the Eighth Amendment claims against defendant Racklin, and submits the following documents:

        __1__    completed summons form

        __1__    completed forms USM-285

        __2__    copies of the April 17, 2017 complaint

OR

(2) _____    delay serving any defendant and files an amended complaint in accordance with the court's Screening Order.

DATED:                          _____
                                                    Plaintiff

1