UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER J. REED,<br><br>    Plaintiff,<br><br>v.<br><br>E. RACKLIN, et al.,<br><br>    Defendants. | No. 2:17-cv-0799 AC P<br><br><br>ORDER |

    Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On November 8, 2018, plaintiff filed a motion for an extension of the discovery period. ECF No. 28. On November 20, 2018, defendant filed an opposition to the motion. ECF No. 30. For the reasons stated herein, the court will deny the motion.

I.     MOTION FOR EXTENSION OF DISCOVERY PERIOD

    Plaintiff's November 8, 2018 filing requests a second extension of the discovery period so that he can draft motions to compel asking defendant to provide "B-Yard video footage." See ECF No. 28 at 3-4. In support of the motion, plaintiff asserts that at his June 2018 deposition, he explained to defendant that one of his production requests had asked for all B-Yard video footage

////

of the parties on April 5, 2016 and April 14, 2016, and that after the court's August 2018 grant of his first request to extend the discovery period, he served "an alternate production request, exclusively for the B-Yard video footage."[1] See ECF No. 28 at 3. He contends that this means, "all footage of either [him] or defendant, captured on the B-Yard program office surveillance camera, on the dates of 4/5/16 and 4/14/16, both dates [sic] relevant to the case." ECF No. 28 at 3. Plaintiff has represented to defense counsel in writing that he needs the video footage from the program office camera because it faces the yard, and he needs it if it shows him or defendant at specific times. See ECF No. 28 at 7. It appears plaintiff believes that the footage he seeks will constitute impeachment evidence. See ECF No. 28 at 7.

Plaintiff avers that to date, he has not received the requested footage and that he anticipates having to file a motion to compel. He contends that a prison lockdown as well as the length of time it will take him to prepare the motions warrants a grant of his extension request. See ECF No. 28 at 4.

II.     OPPOSITION TO MOTION FOR EXTENSION OF DISCOVERY PERIOD

Defendant contends that plaintiff's motion to effectively reopen discovery should be denied because plaintiff has failed to demonstrate good cause. See generally ECF No. 30. He argues that plaintiff has not: (1) shown that the additional discovery he seeks could not have been propounded during the discovery period; (2) identified discovery requests with which defendant has not complied, or (3) demonstrated that court intervention is required. See id. at 1-2. Moreover, defendant argues, plaintiff has failed to show what additional material he hopes to discover if discovery were to be reopened. See id. at 2. Defendant further asserts that plaintiff has been told that there is no video recording of the conversation between plaintiff and defendant in defendant's office. See id. at 3. He also points out that the court has already extended the time for discovery once at plaintiff's request. See id. at 2. Finally, defendant argues, he responded to plaintiff's discovery on July 13, 2018, and the extension the court granted ended on September

---

[1] Notably, plaintiff's August 2018 motion to extend the discovery period had not indicated that he also intended to use the grant of the motion to file additional discovery requests. See generally ECF No. 23.

2

24, 2018. See ECF No. 30 at 2. This gave plaintiff over two months within which to meet and confer with defense counsel and to file a motion to compel if plaintiff felt it necessary to do so. See id. This lack of diligence, defendant contends, is grounds to deny plaintiff's motion. See ECF No. 30 at 3.

III. APPLICABLE LAW

A pretrial scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)).

IV. DISCUSSION

A review of plaintiff's complaint as well as of this court's subsequently issued screening order indicate that the sole potentially cognizable claim in this case is that defendant sexually harassed plaintiff in his office. See ECF No. 7 at 4 (finding harassment claim against defendant potentially cognizable); see generally ECF No. 1 at 6-10 (showing sole claim alleged against defendant was sexual harassment in defendant's office). In plaintiff's complaint he alleges, in relevant part, the following:

> In April of 2016, [I] was housed at Solano, and a participant in the Mental Health Delivery Housing System at the CCCMS level.
> On or about April 4, 2016, [I] was summoned to defendant RACKLIN's private office, located in the 7 building on B-yard, for a pre-committee interview for a new arrival inmate. [I] was housed in building 9 of B-yard at the time.
> [I] entered into RACKLIN's private office on crutches, due to an ankle fracture that [I] had suffered several days prior on the basketball court.
> While in defendant RACKLIN's private office, [I] was sexually harassed by him, with the inappropriate statement, "DO YOU THINK YOU COULD JACK ME OFF IN THE BLINK OF AN EYE", [sic] following a brief conversation.
> [I] informed defendant RACKLIN that [I] would be filing a complaint against him immediately, to which he responded with statements such as "I DIDN'T' MEAN TO OFFEND YOU", [sic] and "I FEEL THAT ALL INMATES SHOULD''NT [sic] LOSE THEIR SENSE OF HUMOR". [sic].

ECF No. 1 at 6 (brackets added) (capitalization in original) (punctuation in original).

There are no facts in plaintiff's complaint that would support his request for production of B-Yard video on the dates requested. Plaintiff has alleged that the offense occurred in defendant's office, not on B-Yard. See id. Moreover, plaintiff fails to state how the requested video might "impeach" statements made to date by defendant. See generally ECF No. 28. Accordingly, plaintiff has not established the relevance of the video he seeks.

In addition, plaintiff has had plenty of time between July 2018 when defendant responded to plaintiff's discovery requests (and plaintiff presumably deemed the responses to be inadequate), and the extended discovery deadline of September 24, 2018, to meet and confer with defendant and/or file motions to compel. In short, plaintiff has not been diligent in moving the discovery process forward. The court must consider this fact when a motion to modify the discovery order is filed. See Johnson, 975 F.2d at 609.

Finally, defendant has informed plaintiff that there is no video footage of him and plaintiff on B-Yard on April 5th and April 14th, 2016, see ECF No. 30 at 3, and that there is no video camera in the program office, see ECF No. 30-1 at 11. Accordingly, it appears that neither the camera nor the evidence that plaintiff is alleging it holds exist. Given that plaintiff seeks an extension of the discovery period for the sole purpose of obtaining this footage (see ECF No. 28 at 3-4), good cause for modification of the scheduling order does not exist. See generally Fed. R. Civ. P. 16(b)(4) (stating scheduling order may only be modified for good cause).

Accordingly, IT IS HEREBY ORDERED that plaintiff's November 8, 2018 motion to extend the discovery period (ECF No. 28) is DENIED.

DATED: November 27, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4