UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER J. REED,<br><br>        Plaintiff,<br><br>    v.<br><br>E. RACKLIN, et al.,<br><br>        Defendants. | No. 2:17-cv-0799 WBS AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff has filed a motion to compel discovery. ECF No. 32. Defendant Racklin, the sole remaining defendant in this case, opposes the motion. ECF No. 35. For the reasons stated below, the motion will be denied.

I.     PLAINTIFF'S MOTION TO COMPEL

In the motion to compel, plaintiff provides an opening statement which summarily identifies the discovery plaintiff is seeking and why. It reads as follows:

> Plaintiff has requested video surveillance discovery, twice, by way of informal documents [sic] request, and once, orally, during defendants [sic] deposition of plaintiff on 6-18-18. Defendant's [sic] alleges that there exists no response video surveillance for the dates of 4-5-16, or, 4-14-16. Plaintiff disagrees.

1

> Defendants [sic] further deny discovery based on arguments of being vague and irrelevant. Plaintiff disagrees, [sic] and believes that requested discovery will be crucial impeachment evidence at trial.

ECF No. 32 at 3-4 (brackets added).

## II. DEFENDANT'S OPPOSITION

Defendant Racklin argues that the motion to compel should be denied as untimely and unauthorized. See ECF No. 35 at 1-2. He points out that plaintiff's motion was mailed to the court on November 19, 2018, and it was filed on November 26, 2018, approximately two months after the extended discovery deadline date of September 24, 2018. See id.

Racklin also notes that on November 26, 2018, the court denied plaintiff's motion to extend the discovery period. See ECF No. 35 at 2. At that time the court made express findings that plaintiff had failed to exercise diligence in seeking discovery (video footage), and that the discovery plaintiff sought to compel did not exist and was not relevant. See id. Racklin argues that the instant motion to compel largely repeats the points in plaintiff's motion to extend the discovery period, without providing any grounds for reconsideration or good cause to excuse untimeliness. See ECF No. 35 at 2

## III. DISCUSSION

On November 27, 2018, this court denied plaintiff's November 8, 2018, motion to extend the discovery period. See ECF Nos. 28, 31. In that order, the court also found that the video footage plaintiff was requesting (1) did not exist; (2) was not relevant, and (3) had not been timely requested. See ECF No. 31 at 4.

In the instant motion to compel, plaintiff appears to be requesting the same footage he requested last year. Compare ECF No. 28 at 3-4, 6-7, 14-15, with ECF No. 32 at 3-7. Because the court has previously adjudicated this matter, plaintiff's motion to compel will be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel, ECF No. 32, is DENIED.

DATED: September 24, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE